| | |
|---|---|
| Case No.    CV 19-4915 JFW (SS) | Date: June 19, 2019 |
| | Page 1 of 4 |

Title:    Quinno Deyza Assoon v. People of the State of California

---

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED BECAUSE IT CONTAINS UNEXHAUSTED CLAIMS**

---

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| _Marlene Ramirez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

None Present    None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On May 30, 2019,[1] Quinno Deyza Assoon ("Petitioner"), a federal prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court uses the date the Petitioner signed the Petition as the constructive filing date. (Petition at 8). Throughout this Order, the Court cites to the Petition and its attached exhibits as though they are continuously paginated.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 19-4915 JFW (SS) | Date: June 19, 2019 |
| | Page 2 of 4 |

Title:   Quinno Deyza Assoon v. People of the State of California

U.S.C. § 2254.² However, the Petition is subject to dismissal because it appears that all of Petitioner's claims³ are unexhausted. (See Petition at 3).

A prisoner challenging his state conviction or sentence must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); see also O'Sullivan, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process). The petitioner must present his claims, including their federal basis, to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available. See Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

The inclusion of unexhausted claims in a habeas petition renders it mixed and subjects it to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). The Ninth Circuit has instructed that lower courts are not obligated "'to act as counsel or paralegal to pro se litigants'" by explaining "'the details of federal habeas procedure . . . .'" Ford v. Pliler, 590 F.3d 782, 787 (9th Cir. 2009) (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). However, the Court may provide a pro se litigant with "accurate instruction" before dismissing a mixed petition.

---

² While Petitioner is currently incarcerated in a federal correctional facility, he is challenging his February 2017 conviction and sentence in Los Angeles County Superior Court Case No. TA137174. (Petition at 2).

³ It is not clear what claims Petitioner is raising before this Court. (See Petition at 5). However, Petitioner attaches the reply brief that he filed on direct appeal in the California Court of Appeal, which apparently identifies the two claims he intends to raise before this Court. (Id. at 5, 59–73).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     CV 19-4915 JFW (SS)                    Date: June 19, 2019
                                                    Page 3 of 4

Title:       Quinno Deyza Assoon v. People of the State of California

See id. at 786 ("The district court gave [petitioner] accurate instruction before dismissing his mixed petition without prejudice. Pliler does not allow us to require anything more.").

Here, Petitioner appealed his conviction and sentence to the California Court of Appeal, which affirmed the judgment in a reasoned opinion on June 8, 2018. (Petition at 2–3); see People v. Assoon, No. B280913, 2018 WL 2752590 (Cal. Ct. App. June 8, 2018). Nevertheless, it appears that all of Petitioner's federal claims are unexhausted because Petitioner asserts that he did not file a petition for review with the California Supreme Court. (Id. at 3). However, upon review of the California Appellate Courts Case Information website, it appears that on July 10, 2018, a petition for review was filed with the California Supreme Court, which was denied on August 15, 2018. See California Appellate Courts Case Information website, Case No. S249270, at http://appellatecases.courtinfo.ca. gov.[4]

If Petitioner wishes to now contend that the Petition is fully exhausted, he must explain in a declaration signed under penalty of perjury how he exhausted his claims. First, Petitioner must confirm whether the claims he is raising before this Court are the same two claims he raised on direct appeal in the California Court of Appeal. Second, Petitioner must confirm that he raised the same two claims before the California Supreme Court that he raised before the California Court of Appeal. Petitioner should append to his declaration copies of any document, such as his Petition for Review with the California Supreme Court and the Supreme Court ruling, establishing that each claim is exhausted.

In sum, the Court **ORDERS** Petitioner to file a response, within **fourteen (14) days** of the date of this Order, confirming which federal claims he is raising before this Court and how he exhausted his claims in the state courts.

**Petitioner is expressly warned that failure to timely file a declaration or other response to this Order will result in a recommendation that this action be dismissed**

---

[4]    A court may take judicial notice of its own records and the records of other courts. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

**with prejudice for his failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

    IT IS SO ORDERED.